**UNITED STATES of America, Plaintiff,**

v.

**Joseph DeMARIA, Defendant.**

**No. 95–855–CR.**

United States District Court,
S.D. Florida.

Feb. 15, 1996.

Robert J. Bondi, Asst. U.S. Atty., U.S. Attorneys Office, Miami, FL, for plaintiff.

Steven E. Chaykin, Hanzman, Criden Korge, Miami, FL, Neil G. Taylor, Miami, FL, for defendant.

### ORDER ON DEFENDANT'S OBJECTION TO ADJUSTMENT FOR ROLE IN THE OFFENSE

K. MICHAEL MOORE, District Judge.

THIS MATTER is before the Court upon Defendant JOSEPH DeMARIA's objection to the pre-sentence investigation report which increases the base offense two levels pursuant to Section 3B1.1 of the sentencing guidelines.

Section 3B1.1 provides for a two level increase if the defendant was an organizer, leader, manager or supervisor in any criminal activity.

The government contends, and the probation office recommends, a two level increase on the basis that the defendant was an organizer, leader, manager or supervisor. The defendant has pled guilty to the charge of money laundering but disputes the organizer, leader, manager, or supervisor role.

At the sentencing hearing, the defendant called three witnesses. Witness # 1, August Horvath, the former Chief Financial Officer for defendant's car company, testified that he prepared loan documents at defendant's request. Witness # 2, Mickey Saewitz, a friend of the defendant, testified that he introduced the defendant to Witness # 3, Owen Sinclair, as a possible source of a loan for the defendant's struggling car company. Mr. Sinclair testified that he lent the defendant $250,000; the loan was later repaid in cash. No evidence was presented to suggest that these witnesses had any knowledge of the defendant's money laundering intentions.

The government called Armando Fernandez, a convicted drug dealer, who testified that the defendant essentially orchestrated the activities of the above three witnesses in an effort to launder $250,000. According to Fernandez, the defendant received an additional $250,000 in cash from an associate of Fernandez, repaid the loan in cash to Mr. Sinclair and charged $5,000 for the money laundering services. The issue presented is whether this evidence establishes, by a preponderance of the evidence, that the defendant was an organizer, manager, leader or supervisor.

The Court understands the government to argue that an aggravating role adjustment should be made on the basis that the defendant organized, led, managed or supervised the activities of Witnesses # 1, # 2, and # 3. Application Notes 1 and 2 of

Section 3B1.1 preclude this argument since they require that the defendant's activities relate to a participant.

Application Note 1 to Section 3B1.1 defines a "participant" as a person who is criminally responsible for the commission of the offense but need not have been convicted.

Application Note 2 to Section 3B1.1 of the sentencing guidelines provides:

> To qualify for an adjustment under this section, the defendant must have been an organizer, manager, leader or supervisor of one or more other participants. An upward departure may be warranted, however, in the case of a defendant who did not organize, lead, manage, or supervise another participant, but who, nevertheless, exercised management responsibility over the property, assets, or activities of a criminal organization.

No evidence was presented that Witnesses #1, #2 and #3 were "participants" within the meaning of Application Notes 1 and 2.

Although not argued by the government, this Court also concludes, based on the absence of evidence, that defendant's activities do not rise to the level of exercising management responsibility over the property, assets, or activities of a criminal organization.

The remaining issue is whether the defendant was a leader, manager or supervisor of Fernandez and his associate, undisputed participants as defined in Application Note 1. In order to commit the crime of money laundering, an individual must necessarily perform certain acts with the requisite criminal intent. The defendant has admitted to these acts as well as to the requisite intent pursuant to his plea agreement with the government. As a consequence, the sentencing guidelines establish a range of punishment for the underlying offense conduct. Any upward adjustment for aggravating role must necessarily identify something other than that which has already been taken into account in arriving at the underlying offense conduct. It need not be other conduct but it must be conduct of a kind or quality different from that which establishes the base offense level and which is recognized as a guideline adjustment. The government has failed to establish by a preponderance of evidence anything other than that which established the underlying offense conduct. While such conduct is sufficient to establish the base offense level, it is not of a kind or quality to conclude that the defendant was an organizer, manager, leader or supervisor. Accordingly, the defendant's objection to the two level increase is sustained.

DONE AND ORDERED.